103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delores L. STORRS, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY, a Delaware corporation; Wilette
Diggs, wife; Orville Diggs, husband, aka John Doe Diggs;
William Lerch, husband; Sally Lerch, wife; Michael Rippa;
Jane Doe Rippa; William Dluehosh; Laura Dluehosh; William
Quigley; Mildred Quigley; William Borth; Roberta Borth;
Larry Lykins; Mary Francis Lykins; Glen Morgan; Melanie
Morgan; David Cecchini; Jane Doe Cecchini; Robert A.
Cook; Susan Cook; Rusty Martin Delbert, aka D'Rusty
Martin; Regina Martin; Brian Reynolds; Diana Reynolds;
Herbert Inch; Sarah Inch; James Paul Shelton, aka Paul
Shelton, Jane Doe Shelton, Edward Portillo; Adelina
Portillo; Gene Gerhard; Gail Gerhard, aka Jane Doe
Gerhard; Daniel Yrigolla; Alma Yrigolla, Defendants-Appellees.
 No. 95-16379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 20, 1996.
 
 Before: CHOY, REAVLEY,* and LEAVY, Circuit Judges.
 
 
 1
 Delores Storrs filed an employment discrimination action in Arizona state court against her employer, Hughes Aircraft Company ("Hughes"). After removing the action to federal district court, Hughes claimed that it had accepted Storrs' settlement offer and filed a notice of settlement and motion to enforce the terms of that settlement agreement. Storrs disagreed, and filed a notice of no settlement and opposition to enforcement. The district court granted Hughes' motion and entered an order enforcing the terms of the settlement agreement. We dismiss Storrs' appeal for want of jurisdiction.
 
 
 2
 MEMORANDUM**
 
 
 3
 Delores Storrs filed an employment discrimination action in Arizona state court against her employer. Hughes Aircraft Company ("Hughes"). After removing the action to federal district court, Hughes claimed that it had accepted Storrs' settlement offer and filed a notice of settlement and notion to enforce the terms of that settlement agreement. Storrs disagreed, and filed a notice of no settlement and opposition to enforcement. The district court granted Hughes' motion and entered an order enforcing the terms of the settlement agreement. We dismiss Storrs' appeal for want of jurisdiction.
 
 
 4
 Ordinarily, appeals may be taken only from "final decisions of the district courts". 28 U.S.C. § 1291. While this finality requirement does not mandate that the word "judgment" appear in the order appealed from, see Fed.R.Civ.P. 54(a), the order must constitute a final judgment on the merits and dispose of the underlying litigation. Rosenfeld v. United States, 859 F.2d 717, 720 (9th Cir.1988) (as amended). Accord United States v. Garner, 632 F.2d 758, 761-62 (9th Cir.1980) (decision appealed from must have actually terminated the proceedings), cert. denied, 450 U.S. 923 (1981). There has been no final judgment on the merits of Storrs' employment discrimination action, and the district court's enforcement order does not dispose of the underlying litigation.
 
 
 5
 While there are certain exceptions to the finality rule, the only one that could conceivably apply, viz., the collateral order doctrine, is inapposite because Storrs' appeal does not raise any issues that would otherwise be "effectively unreviewable." See Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 731 (9th Cir.1995) (an order conclusively determining a question collateral to the underlying litigation may be immediately appealable under section 1291, provided the determination is of a question completely separate from the underlying action and otherwise effectively unreviewable from a final judgment in the underlying matter); Rosenfeld, 859 F.2d at 720-22 (same).
 
 
 6
 Even if construed as a form of mandatory injunction, the order appealed from would fail to qualify for review under 28 U.S.C. § 1292(a)(1), because the district court incorporated by reference the draft settlement agreement into its enforcement order. See Fed.R.Civ.P. 65(d); William Keeton Enters., Inc. v. A All American Strip-O-Rama, Inc., 74 F.3d 178, 182-83 (9th Cir.1996) (per curiam) (because district court's enforcement order did not specify the terms and conditions of the settlement agreement but incorporated them by reference, the order would have to be vacated for failing to comply with Rule 65(d)).
 
 
 7
 In the absence of any basis for appellate jurisdiction, Storrs' appeal is
 
 
 8
 DISMISSED. Each side will bear its own costs and attorney's fees on appeal.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3